UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SENTRY SELECT INSURANCE | § | |
| COMPANY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-cv-01477 |
| | § | |
| JOSE CISNEROS RIVAS | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Sentry Select Insurance Company ("Sentry") files this Complaint for Declaratory Judgment, seeking a declaratory judgment that it has no duty to pay uninsured motorist benefits to Jose Cisneros Rivas (hereinafter referred to as "Rivas") concerning a single vehicle accident in which he was involved on April 26, 2019 while operating a motor vehicle in the in the State of Texas.  In support of this complaint, Sentry would show the following:

## PARTIES

1.

Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin.

2.

Defendant, Jose Cisneros Rivas ("Rivas" or "Defendant") is a citizen of the State of California, whose last known residential address is 8642 Columbus Avenue, Apartment 22, North Hills, California 91343.  As Rivas was not a citizen of the State of Texas at the time of his auto accident involved in this lawsuit, service may be made upon the Chairman of the Texas Transportation Commission, who is an agent for service of process on a person who is a nonresident

in a suit that grows out of a collision or accident in which the person is involved while operating a

motor vehicle in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.062.  A certified copy of the

summons must be served on the chairman not later than the 20th day prior to the date of return stated

in the process. Tex. Civ. Prac. & Rem. Code Ann. § 17.063.  Rivas may thus be served by service

on J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin,

Texas 78701-2483, who will then send to Rivas by certified mail, return receipt requested, copies

of the summons issued to J. Bruce Bugg, Jr. and a copy of this Complaint for Declaratory Judgment,

along with notice that person has been served on J. Bruce Bugg, Jr.  Summons should be issued to

Jose Cisneros Rvias, through his agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas

Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

## SUBJECT MATTER JURISDICTION AND VENUE

### 3.

This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201

*et seq*.  Sentry seeks a determination of question(s) of actual controversy between the parties as

hereinafter stated.  Jurisdiction of this action is based upon Title 28, United States Code § 1332(a),

there being diversity of citizenship between the parties and the amount in controversy exceeds

$75,000; exclusive of interest and costs.

### 4.

Venue is properly placed under Title 28, United States Code § 1391.

## BACKGROUND FACTS

### 5.

Rivas has filed a claim with Sentry for uninsured motorist coverage in connection with a

motor vehicle accident involving Rivas that occurred at approximately 8:30 p.m. on April 26, 2019 while Rivas was operating a motor vehicle in the State of Texas.  The accident occurred on Interstate 10 West, near Exit 15 in San Antonio, Bexas County, Texas.  At the time of the accident, Rivas was driving a 2018 Volvo truck, VIN 4V4NC9EH2JN894141, which had attached a Unity trailer, VIN 1UYVS2534FM276313.  Rivas has suffered damages in his accident well in excess of the $75,000 minimum jurisdiction limits of this Court, and for which he seeks recovery under the underinsured motorist ("UM") coverage of the insurance policy issued by Sentry that is involved in this lawsuit.

6.

Rivas was a truck driver hired by Road Star Transport, Inc. ("Road Star") to haul loads in interstate commerce for Road Star.  Rivas was in the process of hauling such a load for Road Star, using Road Star's truck and trailer, at the time of his accident.

7.

In a signed unsworn statement which Rivas' attorney e-mailed to Sentry on July 15, 2019, Rivas states that an unidentified vehicle suddenly and without warning merged into his lane, causing him to swerve out of his lane in order to avoid a collision, which evasive action caused him to lose control of his vehicle and collide with the center concrete median.  This statement contrasts with the prior statements given by Rivas.  Rivas originally stated to medical personnel on the date of the accident that the accident occurred when he had several sneezes, got light headed, and lost control of his vehicle, veering off the highway down an embankment and crashing head on into a hill.  Rivas subsequently told Maria Zuniga with Road Star that the accident occurred when he had a bad cough, started coughing, and then blacked out, losing control of his vehicle.

## SENTRY INSURANCE POLICY

8.

Sentry issued a Motor Carrier policy (No. A0103333001), to Road Star, which policy was effective from June 1, 2018 through June 1, 2019.  That policy provides UM coverage with a limit of $1,000,000.  A true and correct copy of this policy is attached as Exhibit "A".  This policy was in effect at the time of Rivas' auto accident involved in this lawsuit.

## NO UM COVERAGE FOR RIVAS

9.

There is no uninsured motorist coverage available to Rivas under the Sentry policy issued to Road Star.  The insuring provision of the uninsured motorist coverage of the Sentry policy provides as follows:

    **A.**    **Coverage**

        **1.**    We will pay damages which an "insured" is legally entitled to recover from the owner or driver operator of an "uninsured motor vehicle.  The damage must result from:

            **a.**    "Bodily injury" sustained by the "insured" ans caused by an "accident" with an "uninsured motor vehicle"; . . .

Based on this insuring provision, Rivas is only entitled to uninsured motorist benefits under the Sentry policy if he was involved in an accident with an "uninsured motor vehicle."  If the accident occurred because Rivas simply lost control of his vehicle, without the fault of any other driver, no UM coverage would apply, since no other driver's fault would have caused the accident.

10.

If the accident occurred because as Rivas now claims, that he had to swerve to avoid an

unidentified vehicle hitting him, no UM coverage would exist, as no physical contact of any kind occurred between Rivas' vehicle and the unidentified miss-and-run vehicle he claims he had to avoid.  Physical contact in that scenario would be required for coverage, based on the specific definition given in the policy for the term "uninsured motor vehicle".  A miss and run vehicle as Rivas described would not constitute an "uninsured motor vehicle" as that term is defined in the Sentry policy.

11.

The Sentry policy provides the following as to a hit-and-run vehicle constituting an "uninsured motor vehicle" for purposes of the UM coverage:

> "Uninsured motor vehicle" means a land motor vehicle or "trailer":

> **c.** Which is a hit-and-run vehicle and neither the driver nor owner can be identified.  **A hit-and-run vehicle is one that causes "bodily injury" to an "insured" by hitting the "insured", a covered "auto" or a vehicle an "insured" is "occupying".**  (Emphasis added).

This provision requires some sort of physical contact between the unidentified vehicle and Rivas' vehicle in order for the unidentified miss-and-run vehicle to constitute an "uninsured motor vehicle."  Such physical contact is clearly required, as the Sentry policy only provides coverage when a hit-and-run vehicle does damage by "hitting" an insured or his vehicle.  As no such direct contact occurred in this case, Rivas cannot qualify for uninsured motorist coverage under the Sentry policy issued to Road Star.  This would be the result under Indiana law, the state where the Sentry policy was issued, Texas law, the state where the accident occurred, or California law, the state where Rivas is domiciled.

## DECLARATORY RELIEF SOUGHT

12.

For all of the reasons set forth above, Sentry seeks declaratory judgment that it has no duty under the UM coverage of Sentry Policy No. A0103333001 to provide uninsured motorist coverage to Rivas, or to otherwise indemnify him for any damages he suffered as a result of the April 26, 2019 accident described above.

13.

There exists an actual controversy between Plaintiff and Defendant within the jurisdiction of this Court involving the rights and liabilities under an insurance policy.  This controversy may be determined by judgment of this Court, without other suit.

WHEREFORE, Plaintiff, Sentry Select Insurance Company, prays:

A.     This Court determine and adjudicate the liabilities of the parties herein with respect to the policy of insurance which is attached as Exhibit "A" to this complaint;

B.     This Court find and declare that Sentry has no duty under UM coverage of Sentry Policy No. A0103333001 to indemnify Jose Cisneros Rivas for any personal injuries he sustained in the April 26, 2019 accident described in this complaint;

C.     That Sentry be awarded its costs of court; and

D.     That Sentry be awarded such other and further relief to which it may be entitled, at law or at equity.

Respectfully submitted,


S/Russell J. Bowman
Russell J. Bowman

Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR PLAINTIFF